# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10609
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL ANTONIO MARIN-PINA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:15-CR-30-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges

PER CURIAM:[*]

Rafael Antonio Marin-Pina was convicted by a jury of illegal reentry after a prior deportation and received a within-guidelines sentence of 51 months of imprisonment and a three-year term of supervised release. He raises two issues on appeal: (1) the district court abused its discretion and denied him a complete defense when it declined to take judicial notice of 8 U.S.C. § 1158; and (2) his sentence violated due process, as it exceeded the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

statutory maximum which was charged in the indictment. We do not address the latter argument, as Marin-Pina correctly concedes that it is foreclosed under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

We "review alleged violations of a defendant's Sixth Amendment right to present a complete defense de novo . . . subject to harmless error review." *United States v. Skelton*, 514 F.3d 433, 438 (5th Cir. 2008) (italics omitted). "Absent a constitutional violation, [this court] review[s] a district court's evidentiary decisions . . . for an abuse of discretion, which requires the defendant to show that the district court's evidentiary rulings were clearly prejudicial." *United States v. Dvorin*, 817 F.3d 438, 449 (5th Cir.) (internal quotation marks and citations omitted), *cert. denied*, 137 S. Ct. 140 (2016). This "review is necessarily heightened in a criminal case," *Dvorin*, 817 F.3d at 448, but is also subject to harmless-error analysis, *United States v. Cantu*, 167 F.3d 198, 203 (5th Cir. 1999).

We need not determine whether the district court's decision not to take judicial notice of § 1158 was an abuse of discretion, because any error was harmless. Assuming Marin-Pina would have been excluded from seeking asylum under § 1158 based on his aggravated battery conviction, asylum was far from the only reasonable legal alternative available to him. *See United States v. Posada-Rios*, 158 F.3d 832, 873-74 (5th Cir. 1998). He could have returned to the Yucatan, where trial testimony indicated that he previously lived without threat to his safety, or he could have pursued other relief in the United States such as withholding of removal or protection under the Convention Against Torture, notwithstanding the prior conviction. *See Moncrieffe v. Holder*, 133 S. Ct. 1678, 1682 n.1 (2013). Moreover, Marin-Pina presented no evidence at trial that he was under a present, impending, unlawful, and imminent threat that "induce[d] a well-grounded apprehension

2

of death or serious bodily injury," *Posada-Rios*, 158 F.3d at 873, given that his own testimony was that several weeks passed between the last threat he received in Mexico and when he crossed into the United States, *see id.* at 874-75.

Because there were a number of legal alternatives available to Marin-Pina and there was no evidence that he was subject to an imminent threat, he could not have demonstrated his affirmative defense even if the district court had taken judicial notice of § 1158.  Any error was harmless, therefore, because it did not affect his substantial rights.  *See* FED. R. CRIM. P. 52(a).

AFFIRMED.